IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

IVAN L. MARTIN                                                                                    PLAINTIFF

v.                                           3:22-cv-00279-DPM-JJV

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,                                                              DEFENDANT

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to Chief United States District Judge D.P. Marshall Jr.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Ivan Martin, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income.  Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

On October 4, Plaintiff applied for disability benefits, alleging disability beginning on December 1, 2016. (Tr. 37.) He is 45 years old, earned a GED, and has past relevant work as tractor-trailer truck driver, grounds keeper, and shipping and receiving clerk. (Tr. 48, 99, 375.)

The ALJ[1] found Mr. Martin had not engaged in substantial gainful activity since December 1, 2016 - the alleged onset date. (Tr. 40.) He has "severe" impairments in the form of "degenerative disc disease of the cervical, thoracic, and lumbar spine; status post fractures of the third and fourth metatarsals on the right foot on 12/31/18, which has been subsequently diagnosed as traumatic arthritis of the right foot; adjustment disorder; and substance use disorder." (*Id.*) The ALJ further found Mr. Martin did not have an impairment or combination of impairments

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 41-44.) The ALJ determined Mr. Martin had the residual functional capacity to perform a reduced range of sedentary work given his impairments. (Tr. 44.) Based on the residual functional capacity assessment, the ALJ determined Mr. Martin could no longer perform any of his past relevant work. (Tr. 48.) So, the ALJ moved to Step Five and utilized the services of a vocational expert to determine if jobs existed in significant numbers that Plaintiff could perform despite his impairments. Based in part on the testimony of the vocational expert, (Tr. 90-95), the ALJ determined Plaintiff could perform the jobs of dowel inspector, food and beverage order clerk, and fishing reel assembler. (Tr. 49.) Accordingly, the ALJ determined Mr. Martin was not disabled. (*Id.*)

The Appeals Council received additional information and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-33.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Plaintiff argues that the ALJ incorrectly credited other doctors and discounted the opinions of his treating doctors, Jessica Coble, LMSW, Jason P. McConnell, M.D., and William Landrum, M.D. (Doc. No. 13 at 4-4.)

Plaintiff argues the ALJ failed to analyze the medical opinions as required by the regulations and law. He says, "In these above five instances, the ALJ became the expert and disregarded the physicians' opinions by either overlooking the evidence or 'finding' that the evidence is not persuasive by 'cherry picking' certain facts out of context without analyzing all of the factors required by the Defendant's own regulations." (*Id.* at 5.)

---

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

Claims filed after March 27, 2017, like Mr. Martin's, are analyzed under 20 C.F.R. § 404.1520c. *Pemberton v. Saul*, 953 F.3d 514, 517 n.2 (8th Cir. 2020). Under the current regulatory scheme, the Commissioner "will not defer or give any specific weight, including controlling weight, to any medical opinion(s)," including those from the claimant's treating physicians. 20 C.F.R. § 404.1520c(a). The regulation instructs the ALJ to determine the persuasiveness of each medical source or prior administrative medical findings based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) any other factor that tends to support or contradict a medical opinion. 20 C.F.R. § 404.1520c(a), (c). The ALJ is required to "explain" his decision as to the two most important factors—supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). "The more relevant the objective medical evidence and supporting explanations presented" and the "more consistent a medical opinion(s) or prior administrative medical finding(s) is with evidence from other medical and non-medical sources, the more persuasive the opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1)-(2).

After a close review of the medical evidence, I find that the ALJ properly evaluated the opinion of Plaintiff's doctors. While not necessarily using these words, the ALJ addressed both supportability and consistency factors.

Plaintiff relies on Ms. Coble's Mental, Medical Assessment Questionnaire. (Tr. 888-892.) Ms. Coble indicates Plaintiff is severely limited by pain. (*Id*.) In addressing Ms. Coble's Assessment, the ALJ – citing (Tr. 844, 855-56, 858-59, 861-62, 864-65, 866-67, 869-70, 872-73, 875-76, 959, 962, 964) - stated:

> Although she is a treating provider, neither her records not those of other providers support the social interaction limitations she suggests, and based on her own findings, and those of other providers, her conclusions appear to overestimate the

4

claimant's limitations as to mental functioning, particularly since the claimant is consistently noted to have no cognitive impairment.

(Tr. 47.)

Although Ms. Coble notes that Plaintiff is often depressed and suffering from back pain, I can find no reversible error with the ALJ's finding that her conclusions "appear to overestimate [Mr. Martin's] limitations." Importantly, as the ALJ concludes, her findings are not consistent with other providers.

Additionally, I agree with the Commissioner's counsel regarding Drs. McConnel and Landrum. As the Commissioner cites in her brief, a "'medical opinion' is 'a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions' in certain specified abilities. 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2)." (Doc. No. 15 at 13.) And because the statements from Drs. McConnel and Landrum are not considered "medical opinions," the ALJ had no requirement to evaluate them. 20 C.F.R. §§ 404.1520c and 416.920c.

So, in accordance with 20 C.F.R. § 404.1520c, the ALJ fully considered all the medical opinions and prior administrative medical findings and evaluated and explained their persuasiveness under the pertinent factors. (Tr. 44-48.) The ALJ found opinions persuasive by State agency reviewers, consultative examiners, and treating physicians when their opinions were well supported and consistent with the treatment records and unpersuasive when they were not. Accordingly, I find the ALJ's decision is supported by substantial evidence.

Plaintiff also argues that the ALJ failed to analyze whether the combination of his impairments satisfies the requirements of a Listing. (Doc. No. 13 at 6.) A claimant has the burden of proving his condition meets or equals an impairment listed in Appendix 1. 20 C.F.R.

§ 404.1525(d) (1997); *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *see Marciniak v. Shalala*, 49 F.3d 1350 (8th Cir. 1995).  The claimant must provide medical findings that support each of the criteria for the equivalent impairment determination.  *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990).  For a claimant to show that his impairment matches a listing, that impairment must meet all the specified medical criteria.  *Marciniak*, 49 F.3d at 1353.  An impairment that manifests only some of those criteria, no matter how severely, does not qualify.  *Id.*

The ALJ analyzed Listings 1.15, 1.16, 1.18 and 12.04 at some length but mainly focused on Listings 1.18 and 12.04.  As an initial matter, I agree with the Commissioner that Plaintiff has failed to meet his burden at Step Three and establish any of his impairments medically meet a Listing.

> The "D" criteria of Listing 1.18 require Plaintiff to show:
>
> D. Impairment-related physical limitation of musculoskeletal functioning that has lasted, or is expected to last, for a continuous period of at least 12 months, and medical documentation of at least one of the following:
>
> 1. A documented medical need (see 1.00C6a) for a walker, bilateral canes, or bilateral crutches (see 1.00C6d) or a wheeled and seated mobility device involving the use of both hands (see 1.00C6e(i)); or
>
> 2. An inability to use one upper extremity to independently initiate, sustain, and complete work-related activities involving fine and gross movements (see 1.00E4), and a documented medical need (see 1.00C6a) for a one-handed, hand-held assistive device (see 1.00C6d) that requires the use of the other upper extremity or a wheeled and seated mobility device involving the use of one hand (see 1.00C6e(ii)); or
>
> 3. An inability to use both upper extremities to the extent that neither can be used to independently initiate, sustain, and complete work-related activities involving fine and gross movements (see 1.00E4).

The ALJ rightly concluded that the medical evidence fails to show any such limitations. Plaintiff does not need any walking device.  And while Plaintiff's subjective complaints were

6

quite alarming, the objective findings of his doctors about gait and his extremities were mainly normal. (Tr. 565-566, 625, 629, 635, 637, 680, 803, 1020, 1022, 1024-26, 1040, 1119, 1122, 1136.)

Regarding Listing 12.04, the ALJ focused on the "B" and "C" criteria of the listings. (Tr. 43-44.) In considering his abilities, the ALJ concluded Plaintiff had little limitation. (*Id.*) The ALJ found Plaintiff's mental impairments do not cause at least two "marked" limitations or one "extreme" limitation." (Tr. 44.) The ALJ also found that the "C" criteria were not satisfied because Mr. Martin's mental disorder was not "serious and persistent." (Tr. 44.) Upon close review of the record in this case, I find the ALJ's determination here to be supported by substantial evidence.

Plaintiff's counsel has vigorously advocated for Mr. Martin's rights in this case. However, the objective medical records simply fail to support a claim of *complete disability*. Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

The overall evidence indicates that - while the claimant's conditions restrict his ability to do work beyond the sedentary exertional level - these conditions do not preclude all work activity. There is no reversible error here.

Plaintiff has advanced other arguments that I have considered and find to be without merit. It is not the task of a court to review the evidence and make an independent decision. Neither is

it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 6th day of July 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE